May it please the Court, Philip Smith and Nicole Nelson on behalf of the petitioner Eduardo Borjas. Your Honor, I would like to reserve one minute for rebuttal. Your Honors, this case really concerns the hierarchy of court precedent and the degree to which a panel of the Court may modify or choose not to follow a unanimous, in-bank, on-point decision of the Court. In Estrado Espinoza, which was a unanimous, in-bank decision of the Court, the Court determined that the definition of sexual abuse of a minor in the aggravated felony immigration statute, the definition is found in the federal criminal statute. And looking to that statute, the Court identified four elements. Knowingly engaging in a sexual act with a minor between the ages of 12 and 16 with a four-year age difference. And that was the definition of sexual abuse of a minor that the Court applied. What about Medina Villa, which came afterwards? Well, it did come after. And Medina Villa then relied on the prior decision in Baron Medina, which was decided in 1999, that in Baron Medina, the Court held that sexual abuse of a minor was not defined by statute. And so then the Court looked to define the undefined term and it identified it using three elements, sexual conduct with a minor that constitutes abuse. And it looked to the ordinary, contemporary, common meaning of that undefined term, which is in direct contradiction to Estrado Espinoza, which said the term is defined in the federal criminal statute. And so Medina Villa then applied both definitions and to find that the statute, the state statute, constituted a conviction for sex abuse of a minor. Estrado Espinoza did not apply two definitions. And it found one definition. It did not say that these were alternative definitions. It said the definition is in the federal criminal statute. Well, I mean, this is more my colleague's bailiwick than mine, but if a panel of the Ninth Circuit, following an embanked decision, in effect says that decision doesn't overrule our prior two-definition approach and aren't we bound by that subsequent decision? Well, I think the Court is bound by all the prior decisions, but there is a hierarchy to those decisions. Previously there was not a two-definition approach. So Medina Villa, after Estrado Espinoza, came up with the two-definition approach. You say there's a hierarchy. You know, I guess I'm not aware of any precedent that says that a precedential panel decision is worth less than an embanked decision. The embanked court can overrule a panel, but if they haven't done that, don't we have to follow what a three-judge panel has done? In other words, you could argue embanked. If we follow the later case, you could argue in an embanked petition that that precedent doesn't make sense in light of the earlier embanked case. But I'm sort of troubled with the idea that we can say one precedent is worth more than another. Well, it may not be saying one precedent is worth more than another, but a subsequent panel cannot modify the embanked holding. And so to follow them, to apply them both, we would suggest that the approach would be that to apply the Behr and Medina definition. In Behr and Medina, it found that under 14, Behr and Medina drew the line at 14 as being per se abusive. And so a statute that involved a sexual offense under 14 was per se abusive. And they came up with the age limit of 14 because that was the age limit of the California statute. It wasn't based on a statute or it wasn't based on any evidence presented. And so the holding in Estrada-Espinoza, which looks to the federal criminal statute, the federal criminal statute draws the line at 12. And so you can apply both definitions, but the line of what is per se abusive should be 12 rather than 14 because that is consistent with Estrada-Espinoza and that is what's found in the criminal statute. The federal criminal statute criminalizes aggravated sexual abuse with a child as a knowing sexual act with a minor under 12. And that would be consistent with the Medina-Via, the Behr and Medina line of cases, and also consistent with Estrada-Espinoza. And then if you look at the Washington statute in this case, it involved sexual contact with a minor between the ages of 12 and 14, which is an age range that is entirely subsumed within the Estrada-Espinoza definition. And applying the Behr and Medina or the Medina-Via line of cases, the analysis could be the same, but the age limit should be 12, which is what's in the federal criminal statute, as opposed to 14. That's all I have for right now, Your Honor. Well, you've got three and a half minutes that you can use in rebuttal if you want. Okay, thank you, Your Honor. Okay, Ms. Jones for the government. Good morning, Your Honor. May it please the Court, my name is Juria Jones, and I represent the respondent. This case isn't exactly what the Petitioner's Counsel is saying it's about. It's about whether or not the petitioner was convicted of an aggravated felony. In 2009, he was convicted of two counts of child molestation in the second degree. And a person is guilty of child molestation in the second degree when that person has sexual contact with another at least 12 years old, but less than 14. I'm sorry, are you getting feedback? Yeah. Sorry. Sounds okay to me. Less than 14, so the age is 12 and 13, not married to the perpetrator, and the perpetrator is at least 36 months older than the victim. This Court has held that it has two generic federal definitions in order to determine whether or not under the categorical approach under the Supreme Court, Taylor v. U.S., whether or not that constitutes a sexual abuse of a minor. And particularly, this Court has said in U.S. v. Farmer, which is a recent case, that a state offense will be a categorical match if it fits either definition. So contrary to Petitioner's argument, there's no case law to say that because an en banc decision, a later court can't clarify what the court in Estrada did. And that's exactly what happened. In Estrada-Espinoza, this Court defined so-called statutory rape crimes only under that definition and it understood as covering offenses involving both older adolescents as well as younger children. In later cases, in Medina Villa, in Farmer, in Tafoiga v. Montelongo, this Court clarified that that was particularly only in dealing with statutory rape crimes only. And when you're dealing with a case such as this one involving sexual acts with a younger child, a minor, you go to the U.S. v. Barron Medina definition, which is using the ordinary, contemporary, and common meaning of those words. And particularly here, you have conduct that's prohibited that's sexual. Here in the Washington Statute, sexual contact, which is defined as the touching of a sexual or other intimate part of an individual done for the purpose of gratifying that individual. You have the minor. Again, in Barron v. Medina, an issue here is that sexual touching of a child younger than 14 is per se abusive. So you have, in this case, you've got a 12- or 13-year-old, and you've got the per se abusive standard which this Court held in Barron Medina. I'm a little unclear about Petitioner's argument about whether or not the Court should limit this to 12 or 14 as far as following the Estrada-Espinoza. Again, as this Court in Fama states, if it fits under either definition, then it's categorically a sexual abuse of a minor. And particularly because you do have a 12- and 13-year-old here, again, I'm a little bit confused, but just to rebut that, it is per se abusive. I don't really have anything much beyond that, because we believe that because the precedent of Fama stands, you look at the definition under Barron Medina to determine that this is categorically an aggravated felony, and I would ask that you affirm the Board's decision and deny the petition for review. So if the Court has any questions for me. Any questions? Hearing none, I think the government can move. Thank you. Okay. Now, Mr. Smith, you've got some time left, if you'd like to respond. Thank you, Your Honor. It is important to recognize when we say statutory rape offense, so the subsequent cases have said that Estrada-Espinoza is limited to statutory rape offenses. However, there's a definition of statutory rape, and the definition is sexual intercourse with a minor beneath the age of consent. And Estrada-Espinoza did not define statutory rape and did not just apply the statutory definition to a statutory rape offense. So there is a separate definition of that. The Court can apply both definitions, but the reasoning of Barron Medina and Estrada-Espinoza are in conflict. Barron Medina says we don't apply the federal criminal statute in defining the term, and Estrada-Espinoza says the definition is in the federal criminal statute. To apply both of those terms, to apply both of those tests, under Barron Medina there are three elements, sexual conduct with a minor that constitutes abuse. In terms of what constitutes abuse, to be per se abuse, normally it is psychological or physical harm. That is the definition used by the Court. If the state statute does not have harm as an element, then the Court has said it is per se abusive beneath a certain age. In Barron Medina it said the age was 14. The federal criminal statute draws the line at 12. The federal criminal statute does not make any distinction at the age of 14. And so you can apply the Barron Medina three-element test, but per se abusive would be based on the federal criminal statute, which the age limit is 12 and not 14. Under the Estrada-Espinoza test, there's four elements. The age is 12 to 16. There has to be a knowing sexual act, and there has to be an age difference of four years. The Washington statute has an age difference of three years. It doesn't have a knowing mens rea element to it. The conduct that is criminalized under the Washington statute can be touching through clothing, whereas under the federal criminal statute it requires at a minimum skin-on-skin contact. Thank you, Counsel. Thank you. It's a difficult case. Our cases are always a tough one when we have tension between more than one precedent. Okay. Poor Hostile Angel shall be submitted.
judges: Rakoff, Schroeder, Gould